46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Donald Mark GARRINGER, Respondent-Appellant.
 No. 94-2488.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1995.
Decided Jan. 27, 1995.
Rehearing Denied March 7, 1995.
 
 Before FLAUM, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 After the Supreme Court of Indiana suspended Donald Mark Garringer from the practice of law for 60 days, the United States District Court for the Southern District of Indiana issued a notice under Local Rule II, which provides for reciprocal discipline. Garringer sought an evidentiary hearing, but the district court denied this request, concluding that the state court's order rests on an adequate record and procedures, and that no extraordinary circumstance justifies departure from the norm of reciprocity. See also Theard v. United States, 354 U.S. 278, 282 (1957); In re Ruffalo, 390 U.S. 544, 547 (1968). The district court suspended Garringer for 60 days. Although that time has expired, Garringer has not applied for reinstatement and remains suspended from practice in the Southern District of Indiana.
 
 
 2
 The district court explained its decision in two careful opinions--the first entering the suspension order and the second denying a motion to reconsider. We have nothing to add to these opinions and affirm for the reasons given by the district court.
 
 
 3
 Garringer's briefs in this court suggest, however, that neither the district court's decision nor our order of June 17, 1993, striking Garringer's name from the roll of attorneys authorized to practice in this court, has had the desired effect. As our disbarment order recites, Garringer has refused to accept the final disposition of a bankruptcy case in which he was counsel and has continued to attempt to relitigate that decision, assailing as knaves (or worse) all those who do not see matters his way. Garringer's brief and oral argument in this court focused on the bankruptcy case, which he says proves that the State of Indiana is a "kleptocracy" and that the bankruptcy and district court benches are in cahoots with corrupt lawyers and state officials.
 
 
 4
 A lawyer must be able to accept defeat in litigation. Garringer not only declined to accept his clients' loss in the bankruptcy case but also refused to accept losses that affect him personally. On several occasions this court has sanctioned Garringer for his obduracy and ordered him to pay monetary fines. So far only a total of $350 has been paid; Garringer has not made any payment toward these fines since January 28, 1993.
 
 
 5
 Only recently we pointed out the threat to the judicial system, and thus to the rights of bona fide litigants, posed by persons who refuse to accept the outcome of their cases and, when fined, do not pay. See Support Systems International, Inc. v. Mack, No. 94-3287 (7th Cir. Jan. 11, 1995); see also Sassower v. ABA, 33 F.3d 733 (7th Cir.1994); Sato v. Plunkett, 154 F.R.D. 189 (N.D.Ill.1994). Garringer has not responded in a civil manner to decisions on the merits against him and his clients; he has not paid the sanctions; and to judge by the brief in this appeal the combination of fines, suspensions, and disbarment has been ineffectual. At this point the judicial system is entitled to protect itself in other ways. We therefore make the same provision as in Support Systems International: the clerks of the seven district courts in this circuit are directed to return, unfiled, any papers tendered by Donald Mark Garringer until he has paid in full all outstanding sanctions. This order is subject to the same two caveats as in Support Systems International: it does not apply to filings as a criminal defendant (or in support of a writ of habeas corpus), and it is subject to reexamination, for good cause, after two years.
 
 
 6
 The decision under review is affirmed. The Clerk of this court will distribute copies of this order, and of the disbarment order dated June 17, 1993, to the clerks of the seven district courts within this circuit, so that they may implement the additional restriction we have specified.